UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Filed 9/27/96

GLEN LUNA, doing business as GI
Surplus & Pawnshop,

      Plaintiff-Appellant,

v.

JERRY THOMASON,

      Defendant-Appellee.

No. 96-7008
(D.C. No. CV-95-150)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Glen Luna appeals from an order of the district court[1] granting defendant's motion to dismiss or, in the alternative, for summary judgment.  We affirm.

Mr. Luna brought this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  In his complaint, Mr. Luna alleged that defendant, a special agent for the FBI, violated his Fourth Amendment right to be free from warrantless seizures when he obtained a stolen ring which was to be used as evidence in a federal criminal case from Mr. Luna's pawn shop.  Mr. Luna further asserted that his Fifth Amendment right to due process was violated when the ring was returned to the rightful owner after the close of the criminal case without affording him an opportunity to be heard as to his property interest in the ring.

Defendant moved to dismiss the complaint or for summary judgment based on qualified immunity.  The magistrate judge granted the motion holding that the procedures established by Oklahoma law both for obtaining stolen property from a licensed pawn broker and for returning stolen property do not apply to federal

_____

[1]    The parties agreed to proceed under 28 U.S.C. § 636(c)(1).  Thus, the judgment of the magistrate judge constitutes the final judgment of the district court in this case.

-2-

officers. The magistrate judge further noted that no federal statutes exist which are comparable to the state statute, and, therefore, no similar duty exists as to federal officers. The magistrate judge concluded that Mr. Luna had failed to prove the presence of a clearly established constitutional right.

> We review the district court's grant of summary judgment de novo. When a defendant asserts qualified immunity in a summary judgment context, we apply special rules to determine whether the motion was properly granted or denied. We must first ask if a plaintiff has asserted the violation of a constitutional right at all, and then assess whether that right was clearly established at the time of a defendant's actions. Thus, to avoid summary judgment on qualified immunity grounds, a plaintiff must present facts which if true would constitute a violation of clearly established law. Whether an asserted federal right was clearly established at a particular time presents a question of law that must be resolved de novo on appeal.

Taylor v. Meacham, 82 F.3d 1556, 1559 (10th Cir. 1996)(quotations and citations omitted).

The law prohibiting unreasonable warrantless seizures by government agents is clearly established. See Pleasant v. Lovell, 876 F.2d 787, 795-96 (10th Cir. 1989). However, the facts here do not show that a seizure occurred. Mr. Luna does not contest defendant's statement that Mr. Luna gave defendant the ring upon his request. Because no seizure occurred, no clearly established constitutional right was violated.

Mr. Luna's reliance on Winters v. Board of County Commissioners, 4 F.3d 848 (10th Cir. 1993), cert. denied, 114 S. Ct. 1539 (1994), for the proposition that

requesting the ring from a pawnbroker for use in a criminal proceeding constituted a "seizure" is misplaced. <u>Winters</u> was filed on September 2, 1993, and not published until sometime thereafter. Thus, even if <u>Winters</u> now controls, it can hardly be considered "clearly established" law of which a reasonable person would have known on October 13, 1993, the date on which the events in this case took place. Qualified immunity was appropriately found to exist.

Mr. Luna did not contest defendant's motion to dismiss or for summary judgment as to his second issue that his due process rights were waived. We consider that issue conceded before the district court and will not review the district court's ruling here. <u>See</u> <u>Rademacher v. Colorado Ass'n of Soil Conservation Dists. Medical Benefits Plan</u>, 11 F.3d 1567, 1571 (10th Cir. 1993)(issues raised but not argued to the district court, "ordinarily will not be considered on appeal").

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-